IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 19, 2013

**MARCUS PEARSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2007-C-1912      Monte D. Watkins, Judge**

**No. M2012-01529-CCA-R3-PC - Filed May 8, 2013**

The Petitioner, Marcus Pearson, challenges the trial court's dismissal of his post-conviction petition as barred by the one-year statute of limitations. He contends, and the State concedes, (1) that the date the trial court used to determine the timeliness of the petition was incorrect and (2) that an evidentiary hearing is necessary. We agree. Accordingly, the trial court's dismissal of the post-conviction petition is reversed, and the case is remanded for the appointment of counsel and an evidentiary hearing.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JEFFREY S. BIVINS, JJ., joined.

Marcus Pearson, Clifton, Tennessee, for the appellant, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Victor S. (Torry) Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General; for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

On October 3, 2007, the Petitioner was convicted of first degree premeditated murder, felony murder, and attempted first degree murder. A detailed summary of the evidence establishing the crimes can be read in this court's opinion on direct appeal. See State v. Elvin Hubie Pearson and Marcus Anthony Pearson, No. M2007-02826-CCA-R3-CD, 2009 WL 1616678, at *1-7 (Tenn. Crim. App. Jun. 10, 2009), perm. app. denied, (Tenn. Oct. 19, 2009).

On direct appeal, the Petitioner challenged his convictions on several grounds[1]; this court affirmed the convictions but remanded the case for resentencing on the issue of consecutive sentencing. Id. Thereafter, our supreme court denied the Petitioner's application for permission to appeal.

On June 30, 2011, the Petitioner filed a post-conviction petition entitled "Petition for Relief from Conviction or Sentence." The post-conviction court filed a preliminary order on September 8, 2011, finding the following: (1) that the Petitioner was indigent and appointed counsel; (2) that the petition was timely filed and may present a colorable claim; and (3) that an evidentiary hearing was necessary. On September 15, 2011, the State filed a motion to dismiss the petition for post-conviction relief, alleging that the "claim [wa]s barred pursuant to T.C.A. §40-30-102 in that more than one year ha[d] passed since the date of the final court action on [P]etitioner's case, his application for permission to appeal to the Tennessee Supreme Court having been denied June 10, 2009, and the instant petition having been filed June 30, 2011." The trial court granted this motion via order on December 15, 2011, noting that the petition was "time barred" because it was "filed more than one year after the final judgment was entered." The Petitioner then filed a motion for clarification noting the following: (1) that his case had been remanded to the trial court for resentencing; (2) that he filed a timely pro se post-conviction petition in June 2010 but that it was filed in the circuit court instead of the criminal court; (3) that the circuit court filed an order dismissing the petitioner's case in December 2010; (4) that after filing a request for reconsideration of his petition, he was appointed an attorney in September 2011 but that he could not get in contact with his appointed attorney for information on the status of the appeal; (5) that he was notified in November 2011 that the case was dismissed but did not receive an order or other document from which he had a right to appeal; and (6) that he eventually received a written order dismissing the case in April 2012.

The Petitioner filed a pro se notice of appeal on June 27, 2012.


## ANALYSIS

The Petitioner contends that his petition for post-conviction relief was timely, notes that this court – on direct appeal – remanded his case to the trial court for resentencing

---

[1] The following issues were presented for consideration on appeal: (1) the State presented insufficient evidence of premeditation; (2) the State committed prosecutorial misconduct in recalling a certain witness, Karen Carney; and (3) the trial court erred in failing to grant his severance motion.

regarding the imposition of consecutive sentences, and requests an evidentiary hearing.[2] He also contends that the timely filing of the notice of appeal should be waived in the interests of justice. The State concedes that the case should be remanded for an evidentiary hearing to determine the timeliness of the petition for post-conviction relief and explicitly states that it does not oppose the Petitioner's request for waiver of the timely filing of his notice of appeal. We will address the merits of this appeal.

A petition for post-conviction relief must be brought "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a). Finding that the supreme court denied the Petitioner permission to appeal on June 10, 2009, and his petition for post-conviction relief was filed on June 30, 2011, the trial court dismissed the petition as untimely because it was filed "more than one year after the final judgment was entered." However, the Petitioner's direct appeal reveals that the case was in fact remanded for resentencing on June 10, 2009, and that the supreme court denied permission to appeal on October 19, 2009; the latter date would have been date of the final action of the highest court had the case not been remanded for resentencing on the issue of consecutive sentencing. See Tenn. Code Ann. § 40-30-102(a). Given that resentencing was ordered, the judgment in the Petitioner's case would not have been final until the re-sentencing hearing was conducted and the new sentence imposed and some time after that if the Petitioner had appealed that sentence. See Tenn. R. Crim. P. 32(e) (stating that the judgment of conviction includes the sentence imposed). Thus, the trial court improperly dismissed the petition for post-conviction relief on the basis of the June 10, 2009 date. There are no judgments of conviction or any other information reflecting the date of resentencing in the record for our review to enable us to determine whether the petition was timely.[3] However, it is clear that the period of time within which to file a petition for post-conviction relief did not begin on June 10, 2009, and an evidentiary hearing is required to resolve the issue. As such, we remand this case for the appointment of substitute counsel[4] for the Petitioner and an evidentiary hearing to determine the timeliness of the petition for post-conviction relief.

_____

[2] The Defendant also makes other arguments which we decline to address here because we are granting the Petitioner the relief requested.

[3] We note that it is not apparent from the record that a resentencing hearing was ever conducted in this matter in accordance with our order in the Petitioner's direct appeal. Therefore, the post-conviction court should make such an inquiry and request a copy of such judgments, if they exist. This is necessary because entry of proper judgment forms is required to determine when the one-year period of time within which to file a petition for post-conviction relief began, a prerequisite to determining the timeliness of the petition.

[4] It does not appear that previously appointed counsel has taken any action in this case.

## CONCLUSION

Based on our review of the record and the applicable law, we conclude that there is error in the judgment of the trial court and remand for further proceedings in accordance with this opinion.

_____
D. KELLY THOMAS, JR., JUDGE